US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 03 2017

DOUGLAS F. YOUNG, Clerk
By
　　Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

MARKETING SPECIALISTS, INC.,
an Arkansas Corporation                                      PLAINTIFF

vs.                         CASE NO. 17-5060

MAURICE SPORTING GOODS, INC.
d/b/a RIVERS EDGE PRODUCTS                                   DEFENDANT
A Delaware Corporation

## JURY TRIAL REQUESTED

## COMPLAINT

　　Comes now the Plaintiff, Marketing Specialists, Inc., by and through its attorney, Schrantz Law Firm, PLLC, for its Complaint against Maurice Sporting Goods, Inc. d/b/a Rivers Edge Products states as follows:

1.　　Plaintiff Marketing Specialists, Inc. (hereinafter referred to as "Marketing Specialists") is an Arkansas Corporation with its principal place of business in Rogers, Arkansas.

2.　　Defendant Maurice Sporting Goods, Inc. (hereinafter referred to as "Maurice") is, upon information and belief, a Delaware corporation with its principal place of business located in Northbrook, Illinois.

3.　　Rivers Edge Products (hereinafter referred to as "Rivers Edge") is, upon information and belief, a fictitious name for Maurice Sporting Goods, Inc., registered in the state of Missouri.

### Jurisdiction

4.　　This is a complaint for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271, 282, 283, 284, 285.

5.  This is also a complaint for trademark infringement arising under the trademark laws of the United States, Title 35 of the United States Code, 15 U.S.C. § 1114, 1116, 1125.

6.  This Court has jurisdiction under 28 U.S.C. § 1338 and 1400 and venue is proper under 28 U.S.C. § 1391(b).

7.  Furthermore, Defendant intentionally and maliciously pirated and infringed upon a patent and trademark belonging to Marketing Specialists located in Rogers, Arkansas.

8.  This Court has subject matter jurisdiction over Marketing Specialist's federal claims pursuant to 35 U.S.C. § 271, 35 U.S.C. § 289, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

9.  This Court has supplemental jurisdiction over Marketing Specialist's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Marketing Specialists' federal claims and arise from a common nucleus of operative facts such that administration of Marketing Specialists' state law claims with their federal claims furthers the interest of judicial economy.

10. The Court has personal jurisdiction over Defendant because upon information and belief, Defendant has transacted business within the state of Arkansas, promoted themselves via the Internet, which is available to Internet users throughout the world, including those in Arkansas and in this district; committed acts, or caused consequences to occur that resulted in an action for the torts alleged in this complaint, including patent infringement and trademark infringement.

11. Venue is proper in this district under 28 U.S.C. 1391(b) because a substantial part of the acts giving rise to the claim occurred in this district and because Defendant is subject to personal jurisdiction in this district.

## Factual Background

12. For many years, Marketing Specialists has been engaged in the development, manufacture, and sale of beverage vessels.

13. Marketing Specialists has taken steps to protect its innovative designs, including its beverage vessels. In particular, Marketing Specialists owns U.S. Patent No. D495,208 entitled "Beverage Vessel" (hereinafter referred to as "the '208 patent") relating to Marketing Specialists' beverage vessel. Relevant to this dispute, Marketing Specialists is and has been the owner of all right, title, and interest to the '208 patent.

14. On August 31, 2004, the '208 patent was duly and lawfully issued to Marketing Specialists. A true and correct copy of the '208 patent is attached as Exhibit 1.

15. Marketing Specialists owns rights in the '208 patent sufficient to bring this action.

16. Marketing Specialists also owns trademark rights in U.S. Trademark Registration No. 3,004,807 for SHOTSHELL for thermal insulated bottles for beverages that registered on October 4, 2005 ("the SHOTSHELL registered mark").

17. The SHOTSHELL registered mark is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. A copy of U.S. Registration No. 3,004,807 is attached as Exhibit 2.

18. Marketing Specialists owns rights in the SHOTSHELL registered mark sufficient to bring this action.

19. By virtue of its continuous and substantial use of the SHOTSHELL registered mark, and the quality of Marketing Specialists' goods provided under the SHOTSHELL mark, the SHOTSHELL mark has come to symbolize substantial, valuable goodwill with respect to beverage vessels.

20. Marketing Specialists has built significant goodwill in the SHOTSHELL mark and invests significant sums every year in the promotion of the products identified by the SHOTSHELL mark.

21. Marketing Specialists' promotion and use of the SHOTSHELL Mark has caused the public to associate the SHOTSHELL Mark with Marketing Specialists and to believe that the products identified by the SHOTSHELL Mark are exclusively associated with, or are sponsored by, Marketing Specialists.

22. Marketing Specialists has not authorized, licensed, or otherwise permitted Defendant to use the SHOTSHELL Mark.

23. Upon information and belief, Defendant sells, offers for sale, and exposes for sale Defendant's infringing beverage vessels that infringe Marketing Specialists' patent and trademark registration.

24. These infringing beverage vessels are offered for sale through Defendant's website and in Defendant's catalog offered through Rivers Edge Products, Defendant's fictitious name.

25. Upon information and belief, Defendant profits from the sale of the infringing beverage vessels.

26. Defendant currently sells, offers for sale, and expcses for sale infringing beverage vessels that were not acquired from Marketing Specialists. Offers for sale and exposures for sale of Defendant's infringing beverage vessels are attached as Exhibits 3, 4, 5, 6, and 8.

27. Upon information and belief, Defendant transacts or has transacted business within this judicial district for Defendant's individual gain and benefit and is subject to the jurisdiction of this Court.

28. Upon information and belief, without Marketing Specialists' authorization, Defendant has offered for sale, sold, and exposed for sale and continues to offer for sale, sell, and expose for sale in the United States and Arkansas imitation beverage vessels having designs that are covered by the '208 patent (hereinafter referred to as "Defendant's Infringing Beverage Vessels"). *See* Exhibit 3.

29. Upon information and belief, Defendant knowingly and intentionally sold, offered for sale, and exposed for sale and continues to sell, offer for sale, and expose for sale Defendant's Infringing Beverage Vessels as simulations of Marketing Specialists' beverage vessels.

30. Chart 1 below demonstrates Defendant's infringement by comparing figures of the '208 patent with the Infringing plates sold by Defendant.

Chart 1: Comparison of the '208 patent to Defendant's Infringing Beverage Vessel



| The '208 patent | Defendants' Infringing Beverage Container |
|---|---|





31. Based on information and belief, Defendant has infringed and continues to infringe the '208 patent within the meaning of 35 U.S.C. §§271(a), 289 at least by selling, offering to sell, and exposing for sale Defendant's Infringing Beverage Vessels without Marketing Specialists' authorization or license.

32. Marketing Specialists has sold and licensed and is currently selling and licensing its Beverage Vessels bearing the design claimed in the '208 patent. As contemplated by the Patent Act, 35 U.S.C. § 287, Marketing Specialists has provided notice of the '208 patent by marking the '208 patent number on Marketing Specialists' Beverage Vessel models bearing those patented designs since approximately the time the United States Patent and Trademark Office issued the '208 patent. *See* Exhibit 7.

33. On information and belief, Defendant's infringement of the '208 patent has been and continues to be intentional and willful.

34. Defendant also sells and offers for sale a variety of beverage vessels that utilize Marketing Specialists' SHOTSHELL registered mark. *See* Exhibits 3, 4, 5, 6, and 8.

7

35. These beverage vessels offered by Defendant do not match the quality of Marketing Specialists' products.

36. Consumers and the public purchase the infringing beverage vessels under the belief that the infringing products are licensed products either approved by or offered by Marketing Specialists. *See* Exhibits 3, 4, 5, 6, and 8.

37. The overlapping goods offered by Marketing Specialists and Defendant are marketed to similar customers.

38. Defendant's use in commerce of the SHOTSHELL mark in connection with the sale, distribution, advertising and promotion of Defendant's beverage vessels is intended to and is likely to cause confusion, mistake or deception of the trade and public, and to cause the trade and the public to believe that such products are authorized, endorsed, sponsored or approved by Marketing Specialists, or are otherwise affiliated or connected with Marketing Specialists or the products sold under the SHOTSHELL Mark.

39. Defendant's activities are likely to result in the substitution and passing off of Defendant's products to purchasers seeking to purchase Marketing Specialists' products and to injure Marketing Specialists' business reputation.

40. Defendant's activities have caused and will continue to cause irreparable harm to Marketing Specialists, the substantial goodwill embodied in the SHOTSHELL Mark, and Marketing Specialists' business and profits, and such actions will continue unless restrained by this Court.

41. Defendant's use in commerce of the SHOTSHELL Mark in connection with beverage vessels constitutes willful and intentional infringement of the proprietary trademark rights of Marketing Specialists' for which only this Court can provide equitable and monetary relief.

8

42. Marketing Specialists has demanded that Defendant cease infringement of the Mark.

43. Marketing Specialists has sent multiple letters requesting that Defendant cease infringing upon the '208 patent and cease using the SHOTSHELL mark.

44. Defendant has refused delivery of these letters from Marketing Specialists requesting that Defendant cease infringing Marketing Specialists' patents and trademarks causing the letters to be returned.

45. Infringing on both Marketing Specialists' patent and trademarks, Defendant harms Marketing Specialists' reputation as a company.

## COUNT 1 - Patent Infringement under 35 U.S.C. §§ 271 and 289

46. Marketing Specialists incorporates the preceding Paragraphs of its Complaint as if fully rewritten here.

47. Defendant has made, used, offered to sell, sold, and/or imported into the United States, and continue making, using, offering to sell, selling, and/or importing into the United States, beverage vessels having designs that infringe the '208 patent without Marketing Specialists' authorization. *See* Exhibit 3.

48. Defendant has also sold and exposed for sale and continues to sell and expose for sale Marketing Specialists' patented design or colorable imitation thereof.

49. Defendant sells and exposes for sell an infringing beverage vessel that is a sufficiently similar design to Marketing Specialists' patented design.

50. On information and belief, Defendant's infringement has been intentional and willful, making this an exceptional case.

51. Marketing Specialists has been and will continue to be irreparably harmed by Defendant's infringement of the '208 patent.

## COUNT 2 - TRADEMARK INFRINGEMENT OF FEDERALLY-REGISTERED MARKS UNDER SECTION 32(1) OF THE LANHAM ACT

52. Marketing Specialists incorporates the preceding Paragraphs of its Complaint as if fully rewritten here.

53. Marketing Specialists' U.S. registration of the SHOTSHELL mark is prima facie evidence of its exclusive right to use the SHOTSHELL Mark in connection with the identified goods in the United States. Section 7 of the Lanham Act, 15 U.S.C. § 1057.

54. Upon information and belief, Defendant's use of SHOTSHELL commenced after 2005 by which time the SHOTSHELL mark was federally registered by Marketing Specialists.

55. As such, Marketing Specialists' rights to the SHOTSHELL Mark pre-dates the use of Defendant's use of SHOTSHELL. Marketing Specialists has prior and superior rights to the SHOTSHELL Mark.

56. Defendant's use of SHOTSHELL in commerce created a likelihood of confusion, thereby infringing Marketing Specialists' rights in the SHOTSHELL Mark. *See* Exhibits 3, 4, 5, 6, and 8.

57. Defendant's infringing use of SHOTSHELL in connection with Defendant's offering of goods is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of Defendant with Marketing Specialists, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT 3 - FALSE DESIGNATIONS OF ORIGIN, FALSE REPRESENTATIONS, AND UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT

58. Marketing Specialists incorporates the preceding Paragraphs of its Complaint as if fully rewritten here.

59. Defendant's unfair business practices are in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60. First, Defendant uses the SHOTSHELL mark on or in connection with Defendant's offering of beverage vessels, and such use is likely to cause confusion or mistake or to deceive, and has caused confusion, as to the affiliation, connection, or association of Defendant with Marketing Specialists, or as to the origin, sponsorship, or approval of Defendant's goods by Marketing Specialists.

61. Second, Defendant falsely advertises when using the SHOTSHELL mark or any false designation of origin, in commercial advertising or promotion, since such use misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods.

62. Defendant's sale and offer of sale of the imitation beverage vessels creates unfair competition against Marketing Specialists.

63. Defendant's use of the SHOTSHELL Mark for goods that are related, and/or substantially similar to those produced by Marketing Specialists constitute a false designation of origin and a false representation as to the origin of Defendant's infringing beverage vessels and vessels is likely to cause confusion, mistake, or deception as to the source of Defendant's goods and is likely to create the false impression that the goods are authorized, sponsored, endorsed, licensed by, or affiliated with Marketing Specialists.  Defendant's actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

64. Defendant deceived and continues to deceive potential customers by misrepresenting the Defendant's goods as Marketing Specialists' own goods.

65. Defendant's conduct is willful, intended to reap the benefit of the goodwill of Marketing Specialists and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

66. Defendant's conduct has caused and is causing immediate and irreparable injury to Marketing Specialists and will continue both to damage Marketing Specialists and deceive the public unless enjoined by this Court.

### COUNT 4 – Common Law Trademark Infringement, Unfair Competition, and False Designation of Origin or Description

67. Marketing Specialists incorporate the preceding Paragraphs of its Complaint as if fully rewritten here.

68. Defendant's use of the SHOTSHELL mark is likely to cause confusion, mistake, or deception as to the source or sponsorship of Marketing Specialists.

69. Defendant's sale of infringing beverage vessels under the SHOTSHELL mark constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Marketing Specialists, or as to the origin, quality, sponsorship or approval of Defendant's goods or associated activities thereby causing damage to the reputation of Marketing Specialists' products and trademarks.

70. Defendant deceived and continues to deceive potential customers by misrepresenting the Defendant's goods as Marketing Specialists' own goods.

71. Defendant's misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which in commercial advertising or promotion misrepresents the characteristics or qualities of Defendant's products or commercial activities.

72. By engaging in the misconduct alleged herein, Defendant has infringed Marketing Specialists' SHOTSHELL registered mark.

73. Defendant's knowledge of the SHOTSHELL mark demonstrates such activities were, and remain, willful and intentional.

74. Defendant's willful and intentional acts of infringement have caused and are causing great injuries to Marketing Specialists' business, the value of Marketing Specialists' SHOTSHELL mark, and Marketing Specialists' goodwill and reputation, in an amount that cannot yet be ascertained. Marketing Specialists is entitled to an award of damages compensatory of these injuries caused by Defendant, the continuation of which unless restrained, will cause further irreparable injury and damage, leaving Marketing Specialists with no adequate remedy at law.

75. Defendant's continued unauthorized use of the SHOTSHELL mark constitutes common law trademark infringement and unfair competition.

76. By reason of Defendant's misconduct, Marketing Specialists is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

77. As a direct and proximate result of the intentional misconduct of Defendant alleged herein, Marketing Specialists is entitled to recover Defendant's profits in an amount to be determined at trial, plus enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

**COUNT 5 – Violation of the Arkansas Law under Deceptive Trade Practices Act**

**(Ark. Code Ann. § 4-88-101, et seq.)**

78. Marketing Specialists incorporates the preceding Paragraphs of its Complaint as if fully rewritten here.

79. Defendant's acts constitute unfair trade practices in violation of the Arkansas law and specifically the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq., for at least the following reasons:

    a. Defendant is using the SHOTSHELL mark knowingly to make false representations as to the characteristics, uses, benefits, source, quality sponsorship or approval of Defendant's infringing products; and

    b. Defendant, by causing confusion as to origin of its services and products, are engaging in unconscionable, false or deceptive acts or practices in business, commerce or trade.

80. Defendant deceived and continues to deceive potential customers by misrepresenting the Defendant's goods as Marketing Specialists' own goods.

81. Defendant's willful and intentional acts have caused and are causing great injuries to Marketing Specialists' business, the value of the SHOTSHELL mark, and the goodwill and reputation, in an amount that cannot yet be ascertained.

82. By reason of Defendant's misconduct, the continuation of which, Marketing Specialists is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

83. Furthermore, in view of Defendant's knowledge of Marketing Specialists' prior use of the SHOTSHELL mark, such activities were, and remain, willful and intentional.

84. As a direct and proximate result of the intentional misconduct of Defendant alleged herein, Marketing Specialists is entitled to recover Defendant's profits in an amount to be

determined at trial, plus enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

### COUNT 6 – Tortious Interference with Prospective Business Relations

85. Marketing Specialists incorporates the preceding Paragraphs of its Complaint as if fully rewritten here.

86. At all times material hereto, Marketing Specialists has had prospective business relations and expectancies with customers of Marketing Specialists' products sold under the SHOTSHELL mark and the '208 patent.

87. Defendant was aware of, or should have been aware of, said prospective business relations.

88. The misconduct of Defendant alleged herein tortiously interfered with said business relations, and with said prospective customers and expectancies; such misconduct includes, among other things redirecting customers searching for Marketing Specialists' goods to Defendant's competing infringing goods that infringe Marketing Specialists' '208 patent and the SHOTSHELL mark.

89. Defendant's continued unauthorized use of the SHOTSHELL mark has interfered with and impaired Marketing Specialists' ability to advertise and serve its customers.

90. Defendant has employed improper means by using the SHOTSHELL mark without Marketing Specialists' consent.

91. Defendant deceived and continues to deceive potential customers by misrepresenting the Defendant's goods as Marketing Specialists' own goods.

92. Defendant has an improper motive to profit from and exploit the SHOTSHELL mark on confusingly similar goods without Marketing Specialists' permission and without compensation.

93. In view of Defendant's knowledge of Marketing Specialists' competing business and goods, such deceptive activities were, and remain, willful and intentional. Marketing Specialists and the public have been injured by such activities.

94. As a direct and proximate result of the misconduct of Defendant alleged herein, Marketing Specialists is entitled to recover Defendant's profits in an amount to be determined at trial, plus enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

95. Some of the misconduct of Defendant alleged herein has been committed with malice, or with reckless disregard for the injury that such misconduct would cause to Marketing Specialists, entitling Marketing Specialists to punitive or exemplary damages.

WHEREFORE, Marketing Specialists request a jury trial on any issues so triable, and Marketing Specialists respectfully pray for the following relief:

A. Judgment that Defendant willfully infringed the '208 patent in violation of 35 U.S.C. § 271(a);

B. An award of damages adequate to compensate Marketing Specialists for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendant's willful patent infringement, or an award of Defendant's profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

C. A preliminary and permanent injunction against further infringement of the '208 patent by Defendant, its agents, servants, employees, officers, and all others controlled by Defendant;

D. An award to Marketing Specialists of attorney's fees, costs, and expenses in this action pursuant to 35 U.S.C. § 285, with prejudgment interest; and

E. A preliminary and permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

    (a) imitating, copying, using, reproducing, registering, attempting to register and/or displaying any mark so resembling any of Marketing Specialists' marks as to be likely to cause confusion, mistake or deception therewith;

    (b) using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception or mistake in the marketplace with regard to Marketing Specialists Industries' marks or products sold thereunder;

    (c) An order for corrective advertising in a form, manner and frequency that is acceptable to Marketing Specialists and the Court;

F. An order directing that Defendant file with the Court and serve upon counsel for Marketing Specialists within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Court's orders;

G. Judgment against Defendant, awarding Marketing Specialists such damages which have been sustained or will sustain by reason of Defendant's acts of patent infringement, trademark infringement, and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117;

H. Judgment against Defendant, awarding Marketing Specialists all profits of Defendant resulting from its misconduct alleged herein, in an amount to be proven at trial;

I. Judgment against Defendant, awarding Marketing Specialists enhanced damages based upon Defendant's profits after an accounting thereof, including all statutory enhancements and other enhancements on account of the willful nature of Defendant's misconduct;

J. An award of prejudgment and post judgment interest;

K. An award of Marketing Specialists' costs and expenses, including, without limitation, Marketing Specialists' attorney's fees incurred herein pursuant to 15 U.S.C. § 1117(a); and

L. All other relief, in law or in equity, to which Marketing Specialists may be entitled, or which the Court deems just and proper.

Respectfully submitted,

Marketing Specialists, Inc. Plaintiff

3-28-17
Date

By: _____
Stephen D. Schrantz
Arkansas Bar No. 2006215
Schrantz Law Firm, PLLC
1000 East Matthews, Suite C
Jonesboro, AR 72401
(870) 275-7838 – Telephone
schrantzlaw@gmail.com